UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                         Case No.: 8-19-71407-las

NEDRA K. AMBROSE,                                                 Chapter 7

                                 Debtor.
-------------------------------------------------------X

### TRUSTEE'S AFFIRMATION IN OPPOSITON TO DEBTOR'S MOTION TO DISMISS AND IN OPPOSITION TO THE DEBTOR'S MOTION TO "RE-CONSIDER GRANTING THE TRUSTEE MOTION."

      Robert L. Pryor, Esq., an attorney duly admitted to practice law in the United States Bankruptcy Court for the Eastern District of New York and the Courts of the State of New York, affirms the following under penalty of perjury:

      1. I am the Trustee in the captioned case and a member of Pryor & Mandelup, L.L.P. the attorneys for the chapter 7 Trustee. In these capacities, I am familiar with the facts and circumstances of the case as set forth herein.

      2. I make this Affirmation in Opposition to the Motions of the Debtor, Nedra K. Ambrose

          a) To dismiss the Chapter 7 case

          b) To "Re-Consider Granting the Trustee Motion"

### BACKGROUND

      3. The Debtor filed the instant case under chapter 13 of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code") on February 25, 2019. However, prior to the filing of the instant case the Debtor had filed a previous Chapter 7 case on June 22, 2018, Case Number 18-74264-las, which prior case was automatically dismissed on August 21, 2018.

      4. By Motion dated July 29, 2019, the Chapter 13 Trustee made a Motion to Dismiss the Debtor's Chapter 13 case.

      5. Prior to the return date of the chapter 13 Trustee's Motion to Dismiss, on August 14, 2019 the Debtor voluntarily converted her case from Chapter 13 to Chapter 7.

6. A meeting of creditors was conducted on September 25, 2019. At such time, the Debtor swore to the accuracy and completeness of her bankruptcy petition and supporting schedules.

7. Notwithstanding, the Trustee discovered that the Debtor critically omitted an ownership interest in the real property located at 497 East 94th Street, Brooklyn, New York 11212.

8. The Trustee requested specific information with respect to said undisclosed property which the Debtor failed to deliver, despite repeated requests.

9. By Motion dated November 12, 2019, the Trustee sought an Order compelling the production of the requested documentation.

10. A hearing was conducted before the Honorable Louis A. Scarcella on January 7, 2020, at which time the Motion was granted.

11. Upon information and belief, as of this date, the Court has not entered the Order submitted on January 8, 2020 in connection with the requested relief.

12. By Motion to Dismiss dated January 8, 2020, the Debtor sough to dismiss her Chapter 7 case. In support of her Motion, the Debtor stated only, "Missrepresentation [sic] in the proceeding of filing a chapter 13 and 7."

13. While the grounds for Debtor's requested relief are hard to discern from the limited statement made by the Debtor in support of her Motion, the simple fact is the Motion should clearly be denied.

**THE DEBTOR'S MOTION TO DISMISS THE CASE MUST BE DENIED**

14. An established and extensive body of case law exists in this Circuit and District addressing voluntary withdrawal from a case by a debtor and specifically prohibits dismissal under the circumstances present in this case.

15. It is well settled that a debtor must establish cause to withdraw from her case once commenced. *Smith v. Geltzer,* 507 F.3d 64, 72 (2d Cir. N.Y. 2007) ("*Smith*") ("Under section 707(a) [of the Bankruptcy Code], the debtor has no absolute right to dismissal of a Chapter 7 case…Rather, a debtor seeking dismissal must show cause.") (quotations omitted); *In re Segal,* 527 B.R. 85, 93 (Bankr. E.D.N.Y.

2015) ("*Segal*") (A debtor does not have unbridled "discretion to withdraw his case once it has been commenced.'"") (quoting *In re Klein*, 39 B.R. 530, 532 (Bankr. E.D.N.Y. 1984) ("*Klein*")).

16. To establish cause, a debtor must show that dismissal would be in the best interest of the creditors and without prejudice to them. See *Smith, supra,* 507 F.3d at 72 ("courts in this Circuit have determined whether cause exists by looking at whether dismissal would be in the best interest of all parties in interest…[w]ith regard to creditors, the issue is typically one of prejudice") (quoting *Dinova v. Harris (In re Dinova),* 212 B.R. 437, 442 (2d Cir. BAP 1997)); *Segal, supra,* 527 B.R. at 94 ("The debtor bears the burden of proving that dismissal will not prejudice his creditors.") (quoting *In re Bruckman*, 413 B.R. 46, 50 (Bankr. E.D.N.Y. 2009).

17. Courts have uniformly denied dismissal as prejudicial to creditors and not in the best interest of creditors where, as here, a debtor engages in abusive or bad faith conduct in connection with the bankruptcy case such as filing to delay creditors or failing to disclose financial information. *See In re Schwartz,* 58 B.R. 923, 925 (Bankr. S.D.N.Y 1986) ("*Schwartz*") ("Dismissal of a bankruptcy petition that was filed principally to forestall creditors should not be permitted after the delay sought has been achieved."); *Turpen v. Eide (In re Turpen),* 244 B.R. 431, 435 (B.A.P. 8th Cir. Iowa 2000) ("dismissal of a case after it has appeared that the debtors failed to account honestly for their assets should not be permitted because such failure indicates the likelihood of further questionable practices to the detriment of creditors") (citing *Schwartz, supra,* 58 B.R. at 925). Indeed, courts have found that the discovery of undisclosed assets is cause for retention of jurisdiction. *See e.g., In re Ross*, 1982 Bankr. LEXIS 3956, 1-2 (Bankr. E.D.N.Y. 1982) ("The discovery of assets is not cause to dismiss such proceeding…[but] grounds for retaining jurisdiction").

18. The logic of these cases being that the conduct exhibited in bankruptcy is likely to continue outside of bankruptcy. As explained in *Klein,*

> It may be reasonably inferred from debtor's questionable behavior inside of [sic] bankruptcy that such conduct will persist in derogation of the creditor's rights in the event this court were to order the dismissal of debtor's petition.

39 B.R. at 533.

19. In this case, the Debtor having exhibited all of the questionable conduct referenced in the above-cited cases supports denial of her request for dismissal. The Debtor failed to schedule a substantial asset of value, to wit, real property located at 497 East 94th Street, Brooklyn, New York. Moreover, when faced with numerous questions regarding said unscheduled asset, the Debtor failed to provide any requested information.

20. Thereafter, the Trustee was forced to move to compel compliance with requests for discovery, which motion was granted by this Court. Moreover, the Debtor has failed to provide the requested information to date.

21. The Debtor's Motion fails to provide any information which might support dismissal in this case.

22. Significantly, the Debtor has offered no proffer as to how she will deal with her creditors' claims if her request is granted. The only apparent ground for dismissal put forward by the Debtor is that there was some unspecified misrepresentation, without any further explanation. Courts in this Circuit have specifically rejected the contention that insufficient legal advice constitutes cause for dismissal. *Segal, supra,* 527 B.R. at 93; and *Klein, supra,* 39 B.R. at 533. *See also, In re Martin,* 30 B.R. 24, 27 (Bankr. E.D.N.C. 1983). The Trustee submits that the Debtor could not put forward any argument for dismissal under the circumstances.

## MOTION TO RECONSIDER GRANTING TRUSTEE'S MOTION

23. The Debtor asserts the Court should reconsider the Motion made by the Trustee compelling the Debtor to comply with the Trustee's request for documents and information.

24. Debtor justifies her request for relief by stating that she believed the matter was returnable on January 8, 2020, rather than the actual return date of January 7, 2020.

25. However, the Debtor wholly ignores the substantive issues raised by the Motion including the fact that multiple requests for information were made by the Trustee and the Debtor failed and refused to comply with any of the requests for information.

26. Accordingly, absent a substantive basis, there are no grounds for this Court to reconsider its prior decision in such matter.

**WHEREFORE**, it is respectfully requested that Debtor's Motion to Dismiss be denied in its entirety and that the Debtor's "Motion for Re-Consideration of the Courts Order" entered at oral argument on January 7, 2020 be denied in its entirety as well, together with other and such further relief as appears fair and equitable.

                PRYOR & MANDELUP, L.L.P.
                *Attorneys Trustee*

        By: */s/ Robert L. Pryor*
                Robert L. Pryor
                675 Old Country Road
                Westbury, New York 11590
                (516) 997 0999