Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorneys for Debtor*
399 Knollwood Road, Suite 205
White Plains, New York 10603
(914) 600-5502 / (914) 600-5544
todd@cushnerlegal.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

IN RE:                                                                          CHAPTER 7

      NEDRA AMBROSE,                                   CASE NO. 19-71407 (LAS)

                        DEBTOR

----------------------------------------------------------X

## MOTION AND POINTS OF LAW TO WITHDRAW AS ATTORNEY OF RECORD PURSUANT TO E.D.N.Y. LOCAL RULE 2090- (d) AND DR 2-110(C)(1)(d) AND (f)

**TO:**   **HONORABLE LOUIS SCARCELLA**
        **UNITED STATES BANKRUPTCY JUDGE:**

The Motion of Cushner & Associates, P.C. (the "Movant"), respectfully alleges:

### FACTUAL BACKGROUND

1.  On or about February 2019, the debtor, Nedra Ambrose, (the "Debtor") retained

the law firm of Cushner & Associates, P.C. as her bankruptcy attorneys.

2.  On February 25, 2019 (the "Petition Date") the Debtor, filed the instant chapter

13, case no. 19-71407 (LAS) and an order of relief was duly entered.

3.  The Debtor owns certain real property commonly known as at 2324 N Columbus

Ave, Freeport, NY  11520 (the "Primary Residence") which she wished to do a short sale on.

4.  On July 29, 2019, the chapter 13 Trustee Marianne DeRosa filed a motion to

dismiss.

5.  The Motion to Dismiss was adjourned to October 10, 2019, for the purpose of

giving the Debtor extra time to find a prospective purchaser for the home in Freeport.

6.      Since the Debtor was unable to find a purchaser, coupled with the fact that the home appraised for approx. $350,000.00 and was in arrears for over $800,000.00 I had discussed with her and recommended that she convert her case to a chapter 7

7.      On October 11, 2019, the Debtor converted her case to a Chapter 7 an (see Case 19-71407 (LAS)).

8.      On November 7, 2019, at 3:00pm a 341(a) meeting of creditors was held by Chapter 7 Trustee Robert L Pryor.  It was discovered at the 341 (a) hearing that the debtor may have had a possessory interest in another home not listed in her petition.

9.      On November 13, 2019, Trustee Pryor had made a motion to compel the debtor to comply with requests for documents sand information.

10.     I left multiple voicemail messages with the Debtor and sent her three (3) certified return receipt letters to the Debtor of which went unanswered.

11.     The Movant represented the Debtor from February 2019, in her Chapter 13 and Chapter 7 proceedings and fully informed the Debtor of her duties under the Bankruptcy Code.

12.     During the pendency of this representation, there has been a substantial breakdown of communication between counsel and client.

13.     The Debtor has continuously questioned Movant's loyalty to her case.  In fact, the Debtor has gone so far as to accuse Movant of failing to act in his best interests and questioned Movant's legal judgment and professionalism.

14.     Since the Debtor's retention of Movant, the Debtor has requested in writing to this Court that she no longer wished for me to represent her.

15.     Due to the parties' communication difficulties, counsel seeks to withdraw. Counsel has discussed these issues with the Debtor and advised Debtor that the Motion would be

filed and that counsel would continue to use his best efforts to represent the Debtor's interests

until such time a decision is made of this Court on this Motion.

16.    As a result of the breakdown in communications, the Movant cannot continue to

represent the Debtor, as same has prevented the parties from establishing the proper basis for an

attorney/client relationship.  Certainly, if the parties are unable to communicate during the

pendency of this case, the Movant cannot establish the appropriate relationship necessary to

allow the Movant to continue to represent the Debtor.

**MOVANT SHOULD BE PERMITTED TO WITHDRAW AS DEBTOR'S COUNSEL PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e) AND DR 2-110(C)(1)(d)**

The Movant should be permitted to withdraw as Debtor's counsel pursuant to EDNY

Local Bankruptcy Rule 2090-(d), "[a]n attorney who has appeared as attorney of record may

withdraw or be replaced only by order of the Court for cause shown".

Furthermore, DR 2-110(C)(1)(d) of the Model Code of Professional Responsibility

provides that an attorney may withdraw after receipt of permission by the Court for, among

others, the following reasons, in pertinent part:

> a.  lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> b.  By other conduct renders it unreasonably difficult for the lawyer to carry out employment effectively.

DR 2-110(C)(1)(d).

In addition, courts in the Second Circuit have held that cause for withdrawal exists:

> . . . where counsel has been subjected to hostile conduct by the client, *Homles v. Y.J.A. Realty Corp.*, 128 A.D.2d 482, 513(1st Dep't 1987), the attorney-client relationship has become unproductive, *Kolomick v. Kolomick*, 133 A.D.2d 69 (2d Dep't 1987), and where there has been a breach of trust on the part of the client or a challenge to the attorney's loyalty.  *Hunkins v. Lake*

> *Placid Vacation Corp.*, 120 A.D.2d 335 (3d Dep't 1986); *In re
> Meyers*, 120 B.R. 751 (Bankr. SDNY 1990). *Goldstein v Albert (In
> re Albert)*, 2002 Bankr. LEXIS 631 (Bankr. SDNY June 20, 2002,
> Chapter 7, Case No.: 99-31520, Adv. Proc. No.: 99-7108).

During Movant's representation of the Debtor in this proceeding, the Debtor has accused

Movant of failing to act in the Debtor's best interests and questioned Movant's legal judgment

and professionalism.

Moreover, the Debtor continues to ignore the firm's advice and refuses to communicate.

Therefore, under these facts and circumstances, the Movant has established sufficient cause for

which to be relieved as counsel in this case.

Furthermore, the withdrawal of counsel herein shall not materially prejudice the Debtor.

## CONCLUSION

Accordingly, it is respectfully requested that an Order be entered pursuant to E.D.N.Y.

Local Rule 2090- (d) and DR 2-110(C)(1)(d), permitting the Movant to withdraw as counsel for

the Debtor; and that the Movant be granted such other and further relief as to this Court may

seem just and proper.

Dated: White Plains, New York
      February 27, 2020

                                    Respectfully submitted,

                    By:    */s/ Todd S. Cushner*
                              Todd S. Cushner, Esq.
                              Cushner & Associates, P.C.
                              *Attorneys for the Debtor*
                              399 Knollwood Road, Suite 205
                              White Plains, New York 10603
                              (914) 600-5502 / (914) 600-5544
                              todd@cushnerlegal.com