Ehsanul Habib, Esq.
POLTIELOV & HABIB, LLP
Attorneys for Nedra K. Ambrose
118-21 Queens Boulevard, Suite 603
Forest Hills, NY 11375
Phone: (718) 520-0085
Fax:    (718) 520-0155

Hearing Date: August 13, 2020
Hearing Time: 10:00 am

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)**
-----------------------------------------------------------------x       Case No. 19-71407-las
In Re:

      NEDRA K. AMBROSE
      aka Nedra K. Belle

                                                    Chapter 7

                         Debtor
-----------------------------------------------------------------x

## REPLY

    **HERE COMES NOW** the Debtor Nedra K. Ambrose aka Nedra K. Belle, by and through her counsel, submits this in reply to trustee's opposition to debtor's application to re-convert her chapter 7 proceeding into chapter 13 case, as set forth below, and in support, respectfully state as follows:

    1.      The debtor has submitted a proposed plan with her motion to re-convert case into chapter 13 proceeding. In that proposed plan debtor intended to surrender her interest into both Freeport and Brooklyn properties. With respect to Freeport property an Order granting relief was entered on July 21, 2020, lifting all stays. Secured creditor for the Freeport property has filed a claim in the instant case and agreed not to receive any distribution from the debtor's case. So, in the event of re-conversion of instant case to chapter 13 proceeding debtor's liability would be limited to surrendering her interest into Freeport property that has already been achieved through lifting of the stay upon entry of this Court's Order dated July 21, 2020 (Docket # 81). Moreover, the counsel for secured creditor agreed to enter into a stipulation with the debtor for not receiving any distribution

on the claim bearing no. 2 as manifested in the email and marked as Exhibit "A".

2.      Pursuant to an Order of this Court, with respect to the Brooklyn property the automatic stay was terminated on March 28, 2019 with respect to the debtor and his or her property. Secured creditor for the Brooklyn property never filed a proof of claim and the deadline to file a claim has passed on April 13, 2020.

3.      Therefore, agreement with secured creditor for Freeport property not to receive any distribution from instant case addresses trustee's concern regarding any deficiency balance associated with claim no. 2. Secured creditor for Brooklyn property never filed a claim. Moreover, debtor's proposed chapter 13 plan annexed with her motion to re-convert shows that debtor would surrender her interest into both properties. The foregoing arrangement lives debtor with only unsecured debt in the sum of $728.34 and debtor is able and willing to pay this sum together with chapter 13 trustee's administration fees in one lump sum payment.

4.      Re-conversion of this chapter 13 case would allow debtor to receive a discharge in her case. The trustee in chapter 7 case filed an adversary proceeding to deny discharge to debtor. This was one of the considerations that lead debtor to submit this motion to re-convert her case to chapter 13 proceeding.

5.      Debtor explained in her affidavit in support of the motion concerning her contentious relationship with her prior counsel and explained to trustee reasons for not listing her interest into Brooklyn property at the adjourned 341 meeting of creditors held on July 8, 2020. On March 16, 2020, this counsel made appearance in this case and on March 20, 2020, Governor Coumo's executive order paused all non-essential activities in the State. Staging of any open house for sale was not opened until June 20, 2020.

6.      Even during this covid-19 lockdown period this counsel amended schedules for

debtor listing her interest into Brooklyn property on May 5, 2020 and submitted a motion to disallow claim no. 3 on April 23, 2020. Upon disallowance of this claim no. 3, debtor's unsecured amount went down significantly that paved the way to file this motion for re-conversion considering the challenge associated with trustee's adversary proceeding denying discharge in chapter 7 case.

7.    Immediately, after foregoing amendment to debtor's schedule A, debtor was affected by corona virus and this counsel notified trustee of the same on May 11, 2020 of debtor's medical condition. On June 30, 2020, this counsel provided trustee with contact information for doing an inspection of the Brooklyn property.

8.    There are not many creditors who are going to receive any distribution from this case. The total unsecured debtor is $728.34 and the debtor is able to make this payment together with chapter 13 trustee fees for administration for this case and receive a discharge. The delay caused in administration of this case since this counsel appeared was not intentional as the State was paused on March 20, 2020, debtor had corona virus infection in May and staging of real estate open house were not allowed until June 20, 2020.

9.    The realtor who listed the Brooklyn property for sale removed the said listing. Exhibit "B"

**WHEREFORE**, for the foregoing reasons, the Debtor, by Counsel, respectfully requests for an Order granting debtor's motion to reconvert this case to a chapter 13 proceeding.

Dated: Forest Hills, New York
        August 7, 2020

Ehsanul Habib, Esq. (EH0776)
**POLTIELOV & HABIB LLP**
118-21 Queens Blvd., Suite 603
Forest Hills, NY 11375
(718)520-0085
Attorneys for the Debtor