**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

In re:                                                                          Case No.: 19-71407-las

**NEDRA K. AMBROSE**                                        Chapter 7

           Debtor.
----------------------------------------------------------------X
**ROBERT L. PRYOR, ESQ., Chapter 7 trustee**
**of the bankruptcy estate of Nedra K. Ambrose,**

           -against-                                                     Adv. Pro. No. 21-08016-las


**JERVON AMBROSE and TIFFANY AMBROSE,**

                    **Defendants.**
----------------------------------------------------------------X

### STIPULATION AND ORDER CONCERNING CONSENT BY DEFENDANTS TO
### TRUSTEE'S SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(h)

Stipulation of Settlement (the "**Stipulation**"), dated as of March 16, 2021, by and

between Robert L. Pryor, Esq., the Chapter 7 trustee (the "**Trustee**") of the bankruptcy estate (the

"**Estate**") of Nedra K. Ambrose (the "**Debtor**"), and plaintiff in the above-caption adversary

proceeding (the "**Adversary Proceeding**"), and Tiffany Ambrose ("**Tiffany**") and Jervon Ambrose

("**Jervon**") (collectively, "**Defendants**", and together with the Trustee, the "**Parties**" and each a

"**Party**"), defendants in the Adversary Proceeding.

**WHEREAS,** pursuant to a Bargain and Sale Deed, dated November 29, 2006, James

C. Ambrose ("**James**") was the owner of the real property located at 497 E. 94th Street, Brooklyn,

New York 11212 (the "**Real Property**"); and

**WHEREAS,** James passed away on November 12, 2009; and

**WHEREAS,** at the time of his death, James was married to Debtor and his surviving

issue were Tiffany, Jervon, Janell Ambrose ("**Janelle**"), and Crystal Ambrose ("**Crystal**", and

1

together with Tiffany, Janelle, and Jervon, the "**Issue**"); and

      **WHEREAS,** James died intestate having not executed an enforceable last will and testament; and

      **WHEREAS,** pursuant to Letters of Administration and a Certificate of Appointment of Administrator issued by the Surrogate's Court of the State of New York, Nassau County on July 20, 2017, Debtor was named the administrator of James' estate; and

      **WHEREAS,** pursuant to New York's Estate Powers & Trusts Law ("**EPTL**") § 4-1.1(a), since James died intestate, Debtor is entitled to $50,000.00 and one-half the residue of James' Estate with the balance to his Issue by representation; and

      **WHEREAS,** Tiffany and Jervon both represent that they do not presently reside at the Real Property; and

      **WHEREAS,** Tiffany and Jervon both represent that Niomi Belle, who is Debtor's daughter but not the daughter of James, no longer resides at or occupies the Real Property; and

      **WHEREAS,** Tiffany and Jervon both represent that there are no other tenants and/or occupants at the Real Property to the best of their knowledge and that there are no leases currently in effect as to the Real Property to the best of their knowledge; and

      **WHEREAS,** the Real Property is encumbered by two (2) mortgages in favor of Bank of America ("**BOA**"), the first having an outstanding balance of approximately $1,048,816.24 and the second having an outstanding balance of approximately $197,247.02; and

      **WHEREAS,** the Real Property has an approximate fair market value of $525,000.00; and

      **WHEREAS,** by virtue of the BOA mortgages, Debtor and the Issue have no equity in the Real Property; and

**WHEREAS,** the Trustee asserts that the Estate may possess claims as against the Issue, including Tiffany and Jervon, with respect to their use and occupation of the Real Property for which Debtor received no rent which could have been rented to third-parties in exchange for rental income that could have been utilized by Debtor to pay her various debts ("Potential Claims"); and

**WHEREAS,** the Trustee has reached an agreement in principal with BOA (subject to court approval) with respect to its first mortgage against the Real Property pursuant to which the Estate would receive a portion of the proceeds of the sale of the Real Property for the benefit of creditors of the Estate; and

**WHEREAS,** the Parties desire to effectuate the sale of the Real Property with as little delay as possible and Tiffany and Jervon wish to avoid incurring the costs of defending the Adversary Proceeding; now therefore,

**IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.      **Recitals**.    The foregoing recitals are true and correct and shall be deemed incorporated herein.

2.      **Effective Date**.    This Stipulation shall become effective (the "**Effective Date**") upon an order of the Court approving this Stipulation being entered and becoming final and non-appealable.

3.      **Sale of Property.** Tiffany and Jervon each consent to the Trustee's sale, pursuant to 11 U.S.C. §§ 363(b), (f), and (h), of their respective rights, title, and interests in and to the Real Property, along with that of the Estate and the other Issue, free and clear of liens, claims and encumbrances with such liens, claims and encumbrances attaching to the net proceeds of the sale after the payment of the expenses and commissions of a duly retained broker, closing costs and

capital gains taxes, if any. Tiffany and Jervon each consent to the issuance by the Trustee, upon

compliance with 11 U.S.C. § 363, Bankruptcy Rule 6004, and all other applicable laws and rules,

of a deed to the Real Property on behalf of Tiffany, Jervon, the Estate, and the remaining Issue, as

well as executing any and all documents reasonable or necessary for the implementation of this

Stipulation and to effectuate the sale of the Real Property. Tiffany and Jervon understand and agree

that in the event the public auction of the Real Property does not result in a successful bid high

enough to justify the Trustee's sale of the Real Property, or if the Trustee is unable to reach an

agreement with BOA with respect to a carve-out from its lien for the benefit of the Estate or the

Bankruptcy Court refuses to approve same, the Trustee may, in his sole discretion and pursuant to

his business judgment, determine not to proceed with sale of the Real Property.

        4.    **Cooperation.** Tiffany and Jervon each agree to fully cooperate with the

Trustee and any and all professionals retained on behalf of the Estate in any and all efforts to

market and sell the Real Property, including, but not limited to, allowing any such professionals

and/or prospective purchasers and/or their agents access to the Real Property after not less than

twenty-four (24) hours' notice. Tiffany and Jervon may reside at the Real Property until such time

as notified by the Trustee (by way of letter to be mailed to their attention at Real Property and by e-

mail to Debtor's counsel, Ehsanul Habib, Esq.), and shall vacate the Real Property on not less than

fourteen (14) days' notice. Tiffany and Jervon each agree to surrender any and all keys to the Real

Property within three (3) business days of their having vacated such property. Tiffany and Jervon

agree to maintain the Real Property in its present condition until such time as the Real Property is

either sold by the Trustee or abandoned and shall keep the Real Property adequately heated through

the winter months to prevent any damage to the Real Property. In the event Tiffany and Jervon fail

to vacate the Real Property in a timely manner after notice has been provided to them in accordance

with this paragraph, and/or otherwise fail to cooperate with the Trustee, (i) Tiffany and Jervon shall

be liable, jointly and severally, for any and all attorneys' fees and costs incurred on account of the

enforcement of this Stipulation and/or any attempt to recover possession of the Real Property from

one or both of them, and, (ii) the Trustee's release of the Potential Claims as set forth in Paragraph

"6" of this Stipulation, shall be immediately revoked without the need for any notice and the

Trustee shall be authorized to commence litigation against Tiffany and Jervon to recover on the

Potential Claims.

5.       **Waiver of Claims**.  Upon the Effective Date, any and all claims that

Tiffany and/or Jervon have or could assert against the Estate shall be definitively waived, whether

filed or unfiled, whether fixed or contingent, whether disputed or undisputed, and whether

liquidated or unliquidated.

6.       **Release by the Trustee and Estate to Tiffany and Jervon.**  Upon the

Effective Date, in consideration of the covenants contained in this Stipulation and other good and

valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee

and the Estate (collectively, in this paragraph, "**Releasors**") each shall conclusively be deemed to

have released Tiffany and Jervon  (collectively in this paragraph, "**Releasees**" and each a

"**Releasee**"), Releasees' heirs, executors, administrators, successors, and assigns from all actions,

causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties,

covenants, contracts, controversies, agreements, promises, variances, trespasses, damages,

judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity,

which against one or both of Releasees, the Releasors and Releasors' successors and assigns ever

had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or

thing whatsoever from the beginning of the world to the day of the date of this Stipulation,

exclusive of the obligations of Releasees pursuant to this Stipulation. Nothing contained herein shall be deemed a release of any person or entity other than Releasees and their successors and assigns.

7.    **Release by Tiffany and Jervon to the Trustee, Estate, and Trustee's Counsel**. Upon the Effective Date, in consideration of the covenants contained in this Stipulation, and in consideration of the sum of ten ($10.00) dollars and other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, Tiffany and Jervon (in this paragraph, "**Releasors**" and each a "**Releasor**") shall conclusively be deemed to have released the Trustee, Trustee's counsel, and the Estate (collectively, in this paragraph, "**Releasees**"), Releasees' heirs, executors, administrators, successors, and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Releasees, one or both of the Releasors, Releasors' successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation, exclusive of the obligations of the Trustee pursuant to this Stipulation.

8.    **Motions to Approve Stipulation**. If not already filed, upon his receipt of a fully executed copy of this Stipulation the Trustee, by his counsel, shall promptly file a motion pursuant to Bankruptcy Rule 9019 seeking approval of this Stipulation.

9.    **Disposition of Sale Proceeds**.    The Parties understand and agree that the following shall be paid from the gross proceeds of the sale of the Real Property: (i) any and all commissions, expenses, and fees due the broker (which may be paid pursuant to a carve-out

agreement with BOA); (ii) any and all closing costs regarding the sale of the Real Property; (iii) any and all outstanding real estate taxes and water charges; and (iv) any and all liens, including that of BOA, inclusive of any funds carved-out from such liens for the benefit of the Estate. Tiffany and Jervon understand and acknowledge that given the lack of any equity in the Real Property given the amounts due BOA on their first and second mortgages and the Real Property's fair market value, it is relatively certain that there will be no remaining sale proceeds to which they would be entitled. Notwithstanding the foregoing, in the event there are any net sale proceeds capable of distribution to the owners of the Real Property, the Issue and the Estate shall receive their respective shares in accordance with EPTL § 4-1.1(a).

10.     **Representations.**     All Parties to this Stipulation represent and acknowledge that they have the requisite authority to execute this Stipulation and that they have had an opportunity to consult with counsel of their choice regarding the terms of this Stipulation, understand the terms of this Stipulation, and have entered into this Stipulation freely of their own will, without coercion of any kind.

11.     **Unwinding**.     If, through no fault of any Party, an order denying approval of this Stipulation is entered by the Court does not occur on or before June 30, 2021 (with such deadline extendable upon the written mutual consent of the Parties) then, in either case, this Stipulation, in its entirety, shall be deemed null and void.   In such event, the *status quo,* as between the Parties prior to the execution of this Stipulation, shall be restored, each Party shall remain vested with all rights, claims and defenses against the others as if this Stipulation had not been executed. In such case, nothing herein shall be used by any Party hereto against any other Party hereto as an admission or as the basis of any liability for any claims alleged in any future adversary proceeding or in support of any defense thereto.

12.    **No Admissions**.    This Stipulation represents a compromise of a dispute and this Stipulation is not to be construed as an admission of liability on the part of any Party released hereby.

13.    **Multiple Counterparts**.    This Stipulation may be executed in multiple counterparts and/or by facsimile signatures, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument having full force and effect.

14.    **Choice of Law/Venue**.    The Parties agree that this Stipulation shall be governed by the substantive laws of the State of New York, without reference to choice of law principles, and that venue of any action to enforce or interpret this Stipulation shall be exclusively in the Bankruptcy Court for the Eastern District of New York.

15.    **Construction**.    Any construction to be made of this Stipulation shall not be made in favor or against any Party, but rather shall be given a fair and reasonable interpretation based on the plain language of the Stipulation and the expressed intent of the

16.    **Binding Effect**.    This Stipulation and each term hereof shall be binding upon and inure to the benefit of each of the Trustee, the Estate, and Defendants, and their respective heirs, legal representatives, successors, and assigns.

17.    **Headings**.    The headings of paragraphs contained in this Stipulation are for convenience only and shall not be deemed to control or affect the meaning or construction of any provision of this Stipulation.

**IN WITNESS WHEREOF,** the Parties hereto, individually or by their counsel, have executed this Stipulation as of the date set forth above.

Dated:  Westbury, New York
       March 16, 2021

PRYOR & MANDELUP, LLP
Attorneys for Robert L. Pryor, Chapter 7 Trustee

_____*s//J. Logan Rappaport*_____
J. Logan Rappaport
675 Old Country Road
Westbury, New York 11590
Tel: (516) 997-0999
Email: lr@pryormandelup.com

Dated: Brooklyn, New York
       March 3, 2021

_____*s//Tiffany Ambrose*_____
Tiffany Ambrose

Dated: Brooklyn, New York
       March 15, 2021

_____*s//Jervon Ambrose*_____
Jervon Ambrose

9