UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                                                    Case No.: 19-71407-las

NEDRA K. AMBROSE,
aka NEDRA K. BELLE,                                               Chapter 7

                       Debtor.                                         **STIPULATION AND ORDER**
------------------------------------------------------X

        **THIS STIPULATION** is made, as of September 17, 2021 (the "Stipulation"), by and between Robert L. Pryor, Esq. (the "Trustee"), as the Chapter 7 trustee of the bankruptcy estate ("Estate") of Nedra K. Ambrose ("Debtor"), by his undersigned attorneys, and Bank of America ("BOA"), by its undersigned duly authorized representative.

        **WHEREAS,** On October 15, 2019, (the "Filing Date"), the Debtor filed a voluntary petition for relief from his creditors pursuant to Chapter 7 of the United States Bankruptcy Code, 11 U.S.C §§ 101 *et. Sec.* (the "Bankruptcy Code");

        **WHEREAS,** the first meeting of creditors, in accordance with Section 341(a) of the Bankruptcy Code, was held on November 21, 2019, at which time Robert L. Pryor qualified as permanent trustee;

        **WHEREAS, a**lthough Debtor failed to disclose such interest in her bankruptcy schedules, the Trustee ultimately learned that Debtor, as of the Filing Date, owned an interest in real property located at 497 E. 94th Street, Brooklyn, New York 11212 (the "Real Property"), which had initially been acquired by her husband James C. Ambrose ("James") by Bargain and Sale Deed, dated November 29, 2006;

        **WHEREAS,** James died, intestate, on November 12, 2009, and was survived by Debtor, his wife, and Crystal Ambrose ("Crystal"), Janelle Ambrose ("Janelle"), Jervon Ambrose ("Jevron"), and Tiffany Ambrose (collectively, the "Issue");

**WHEREAS,** Pursuant to Letters of Administration and a Certificate of Appointment of Administrator issued by the Surrogate's Court of the State of New York, Nassau County on July 20, 2017, Debtor was named the administrator of James' Estate;

**WHEREAS,** pursuant to New York Estate Powers & Trusts Law ("EPTL") § 4-1.1(a), as James died intestate, Debtor is entitled to $50,000.00 and one-half the residue of James' decedent's estate with the balance to his Issue by representation;

**WHEREAS,** the only current occupants of the Real Property are the Issue;

**WHEREAS,** the Real Property is encumbered by two (2) mortgages made by BOA, the first having an outstanding balance in the amount of at least $1,000,000.00 (the "BOA First Mortgage") and the second having an outstanding balance of $197,247.02 (the "BOA Second Mortgage" and together with the BOA First Mortgage, the "BOA Mortgages");

**WHEREAS,** the fair market value of the Real Property is approximately $525,000.00 and there is no equity in the Real Property as to the respective interests of the Estate and each of the Issue;

**WHEREAS,** BOA's Second Mortgage is entirely unsecured while the BOA First Mortgage is partially undersecured;

**WHEREAS**, BOA has filed Claim No. 5-1 in /Debtor's case, for the balance due as of the Filing Date under the BOA Second Mortgage in the amount of $197,247.02, as a general unsecured claim, and claim No. 5-1 is a late filed claim, filed after the last date set by Order of the Court for the filing of such claims;

**WHEREAS,** by Order, entered March 10, 2021, the above-captioned curt (the "Court") approved a Stipulation and Order Concerning Consent by Defendants to Trustee's Sale of Real Property Pursuant to 11 U.S.C. § 363(h), between the Trustee and Janelle and Crystal, two of the

Issue of James (the "Janelle/Crystal Stipulation"), which provided that Janelle and Crystal each: (i) consent to the Trustee's sale, pursuant to 11 U.S.C. § 363(b), (f), and (h), of their respective right, title, and interest in the Real Property, together with that of the Estate and other Issue, free and clear of liens, claims, and encumbrances (collectively, "Liens"), with such Liens to attach to the proceeds of the sale net of (a) the expenses and commissions of a duly retained broker, (b) closing costs; and (c) capital gains taxes, if any; (ii) consent to issuance by the Trustee of a deed to the Real Property on behalf of Crystal, Janelle, the remaining Issue, and the Estate; (iii) agree to execute any and all documents reasonable or necessary for the implementation of the 363(h) Stipulation; (iv) agree to cooperate with the Trustee and his professionals in all efforts to market and sell the Real Property; (v) permitted Crystal and Janelle to occupy the Real Property until such time as notified by the Trustee to vacate the Real Property on not less than 14 days' notice; (vi) waived all claims of Crystal and/or Janelle against the Estate; (vii) agreed to the Trustee's payment from the gross proceeds of the sale, all commissions, expenses, and fees of the broker selling the Real Property, all closing costs regarding the sale of the Real Property, all outstanding real estate taxes and water charges; and all Liens, including the BOA Mortgages, inclusive of any funds carved-out from such Liens for the benefit of the Estate; and (viii) acknowledged that given the lack of equity in the Real Property, "it is relatively certain that there will be no remaining sale proceeds to which they would be entitled;

**WHEREAS,** by Complaint, filed February 2, 2021, the Trustee commenced an adversary proceeding (the "363(h) Adversary") in the above-captioned Chapter 7 case, entitled, "Robert L. Pryor, Esq., Chapter 7 trustee of the bankruptcy estate of Nedra K. Ambrose, Plaintiff –against– Jervon Ambrose and Tiffany Ambrose, Defendants", Adv. Pro. No. 8-21-08016-las, seeking judgment, pursuant to 11 U.S.C. § 363(h), authorizing the Trustee to sell all of the right, title, and

interest of the Estate and of Jevron and Tiffany, two of the Issue of James, in the Real Property (the "363(h) Adversary");

**WHEREAS**, By Order, entered May 20, 2021, the Court approved the Trustee's settlement of the 363(h) Adversary, pursuant to a Stipulation and Order Concerning Consent by Defendants to Trustee's Sale of Real Property Pursuant to 11 U.S.C. § 363(h), between the Trustee and Jevron and Tiffany, dated as of March 16, 2021 (the "Tiffany/Jevron Stipulation");

**WHEREAS,** the Tiffany/Jevron Stipulation provided that Tiffany and Jevron each: (i) consent to the Trustee's sale, pursuant to 11 U.S.C. § 363(b), (f), and (h), of their respective right, title, and interest in the Real Property, together with that of the Estate and other issue, free and clear of all Liens, with such Liens to attach to the proceeds of the sale net of (a) the expenses and commissions of a duly retained broker, (b) closing costs; and (c) capital gains taxes, if any; (ii) consent to issuance by the Trustee of a deed to the Real Property on behalf of Tiffany, Jevron, the remaining Issue, and the Estate; (iii) agree to execute any and all documents reasonable or necessary for the implementation of the 363(h) Stipulation; (iv) agree to cooperate with the Trustee and his professionals in all efforts to market and sell the Real Property; (v) permitted Tiffany and Jevron to occupy the Real Property until such time as notified by the Trustee to vacate the Real Property on not less than 14 days' notice; (vi) waived all claims of Tiffany and/or Jevron against the Estate; (vii) agreed to the Trustee's payment from the gross proceeds of the sale, all commissions, expenses, and fees of the broker selling the Real Property, all closing costs regarding the sale of the Real Property, all outstanding real estate taxes and water charges; and all Liens, including the BOA Mortgages, inclusive of any funds carved-out form such liens for the benefit of the Estate; and (viii) acknowledged that given the lack of

equity in the Real Property, "it is relatively certain that there will be no remaining sale proceeds to which they would be entitled;

**WHEREAS**, to facilitate the sale of the Real Property, BOA has agreed to carveout for the benefit of the Estate certain amounts from any proceeds payable to BOA from the sale (the "Carveout") on the terms set forth herein; and

**WHEREAS**, prior to the Trustee's sale of the Real Property, the Trustee and BOA desire to have the terms of the agreed upon Carveout approved by the Court.

**NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED,** as follows:

1. This Stipulation shall be effective (the "Effective Date") upon the so-ordering of the Stipulation by the Court or an order of the Court approving this Stipulation being entered and becoming final and non-appealable ("Final").

2. The Trustee agrees to take all appropriate action to sell the interest of the Estate and the Issue in the Real Property (the "Sale"), free and clear of Liens, including the BOA Mortgages, with same to attach to the proceeds of the Sale net of: (a) the expenses and commissions of a duly retained broker or other selling agent, (b) closing costs; and (c) unpaid real estate taxes and water charges, if any ("Net Proceeds"), and BOA consents to and agrees to support any motion by the Trustee for Court approval of such Sale and any motion by the Trustee for Court approval of this Stipulation.

3. The Trustee agrees not to list the Real Property for sale at a price less than $495,000.00, unless agreed to in writing by BOA. The Trustee shall have the right, in his sole discretion, to decline any offer for the purchase of the Real Property and/or to withdraw the Real

Property from sale at any time prior to execution and delivery by the Trustee of a Trustee's Quitclaim Deed to the Real Property (the "Closing").

4. The Trustee's Sale of the Real Property shall be subject to an order of the Court approving the Sale being entered and subject to higher and better offers, as determined by the Trustee and the Court. The Sale shall be made "as is", "where is", "with all faults", without any representations, covenants, guaranties or warranties of any kind or nature whatsoever, and such other terms as the Trustee, in his sole discretion, shall determine. At the Closing of the Sale, the Trustee's sole obligation at the Closing shall be to deliver to the purchaser a duly executed Trustee's Quitclaim Deed.

5. Upon the Effective Date, BOA shall have an allowed secured claim (the "BOA Secured Claim") in Debtor's case in an amount equal to the amount of the Net Proceeds of the Sale of the Real Property.

6. The order of the Court approving the Sale shall provide that BOA shall have the right, pursuant to 11 U.S.C. § 363(k), to credit bid at the Sale of the Real Property an amount up to the amount of the balance of the BOA First Mortgage Lien against the Real Property. BOA hereby acknowledges and consents that it shall be deemed to have made a credit bid for the Real Property in the minimum amount of $495,000.00 (the "BOA Credit Bid").

7. BOA agrees to carve out for the benefit of the Estate from the Net Proceeds to which BOA would otherwise be entitled pursuant to the BOA First Mortgage Lien against the interests of the Estate, Debtor, and the Issue in the Real Property, and BOA agrees to subordinate its secured claim against the Net Proceeds, so that the first $40,000.00 (the "Carveout Amount") of the Net Proceeds of the Sale otherwise payable to BOA in consideration of the BOA Secured Claim shall be paid to the Trustee on behalf of the Estate and distributed by the Trustee, pursuant

to 11 U.S.C. § 726(a) and 724(b), if appropriate, and a Final order of the Court approving the Trustee's Final Report.

8.  In the event that the Real Property is sold to a purchaser other than BOA, all Sale proceeds shall be paid to the Trustee at the Closing of the Sale and deposited in the Trustee's account for Debtor's case, except that the Trustee shall request that the purchaser (or its lender if applicable) make payment directly to or as directed by BOA of all Net Proceeds less the amount of the Carveout, in consideration of BOA's allowed secured claim. All other proceeds of the Sale shall be paid to the Trustee for the benefit of the Estate.

9.  In the event that the Real Property is sold to BOA pursuant to a credit bid by BOA, pursuant to 11 U.S.C. § 363(k), at the Closing of the Sale, BOA shall pay to the Trustee an amount equal to the sum of: (a) the Carveout Amount; (b) the Closing Costs; and (c) the amount of all unpaid real estate taxes which payment shall be deposited in the Trustee's account for Debtor's case.

10. Upon the Closing of the Sale, pursuant to 11 U.S.C. § 506(a), BOA shall have an allowed general unsecured claim (the "BOA GUC") for the undersecured portion of the BOA First Mortgage Lien in the amount of $10,000.00. BOA hereby waives all claims against Debtor's Estate other than the BOA Secured Claim and the BOA GUC, including without limitation, Claim No. 5-1. Upon the Effective Date, Claim No. 5-1 shall be deemed expunged.

11. The Trustee agrees to seek entry of an order of the Court authorizing the Sale of the Real Property upon accepting an offer for the Real Property. BOA hereby consents to such sale, provided it complies with the terms of this Stipulation, and shall support such motion by the Trustee.

12. BOA agrees to cooperate with the Trustee in effectuating the Sale, including without limitation, delivery of all duly executed documents regarding satisfaction of the BOA Mortgages as the Trustee may request.

13. The Court shall have exclusive jurisdiction to hear and determine any dispute arising under this Stipulation.

PRYOR & MANDELUP, L.L.P.
Attorneys for Robert L. Pryor, Trustee

By: *s/ A. Scott Mandelup*
    A. Scott Mandelup
    675 Old Country Road
    Westbury, New York 11590
    (516) 997-0999
    asm@pryormandelup.com

BANK OF AMERICA

By: *s/ John K. Jones*
    Name: John K. Jones
    Title:   Senior Vice President