Pryor & Mandelup, L.L.P.
Attorneys for Robert L. Pryor, Trustee
Mark E. Cohen, Esq.
675 Old Country Road
Westbury, New York 11590
(516) 997-0999
mec@pryormandelup.com

Hearing Date: December 16, 2021 at 10:00 a.m.
Objection Date: December 9, 2021 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
*In re:*

NEDRA K. AMBROSE a/k/a,
NEDRA K. BELLE,

                        Debtor.

--------------------------------------------------------X

Chapter 7

Case No.: 8-19-71407-las

**MOTION FOR ORDER APPROVING TRUSTEE'S SALE OF REAL PROPERTY**

**TO:   THE HON. LOUIS A. SCARCELLA,
       UNITED STATES BANKRUPTCY JUDGE**:

      Robert L. Pryor, Esq., the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Nedra K. Ambrose a/k/a Nedra K. Belle ("Debtor"), the debtor in the above-captioned case, by his attorneys, Pryor & Mandelup, L.L.P., as his motion (the "Motion") seeking entry of an Order pursuant to 11 U.S.C. §§ 105, and 363(b), (f), and (h), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and E.D.N.Y. LBR 6004-1 (i), authorizing and approving the sale (the "Sale") of the real property known as 497 East 94th Street, Brooklyn, New York 11212, Block 4691, Lot 53 (the "Real Property") pursuant to a Residential Contract of Sale, made as of November 10, 2021 (the "Contract of Sale"), between the Trustee, as seller, and 497 East 94th Street LLC ("Purchaser"), as purchaser, free and clear of all liens, claims, and encumbrances (collectively "Liens"), with such Liens, if any, to attach to the net proceeds of the Sale to the same extent, priority, and validity as existed as of the Debtor's filing of her Chapter 13

Petition in this case on February 25, 2019, "as is", "where is", "with all faults," with no representations or warranties of any kind or nature whatsoever, except as to uninsurable title, (ii) making findings regarding the propriety of the Sale, (iii) granting relief related to the Sale, including protection for the Purchaser under 11 U.S.C. § 363(m), (iv) waiving the 14 day stay of Bankruptcy Rule 6004(h), and (v) granting the Trustee such other and further relief as this Court deems just and proper.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1. This Court has jurisdiction over this Chapter 7 bankruptcy case pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), and the standing order of the United States District Court for the Eastern District of New York for referral of bankruptcy cases to this Court.

2. Venue of this motion in this District is proper pursuant to 28 U.S.C. § 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O).

4. The statutory predicates for the relief sought herein include 11 U.S.C. §§ 105(a), and 363(b), (f), (h), (j), and (m).

## BACKGROUND

5. On February 25, 2019, (the "Petition Date"), Debtor filed a voluntary petition for relief from creditors under Chapter 13 of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code"). By Notice of Voluntary Conversion, filed on August 14, 2019, Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code and Robert L. Pryor, Esq. was thereafter appointed Interim Trustee. The first meeting of creditors, in accordance with Section 341(a) of the Bankruptcy Code, was held on September 25, 2019, at which time Robert L. Pryor qualified as permanent Trustee

6. Debtor's schedules indicate that she is the owner of the real property located at 324 N. Columbus Avenue, Freeport, New York. Debtor's schedules failed to disclose that on the Peittion Date, Debtor owned an interest in the Real Property which had initially been acquired by her late husband, James C. Ambrose ("James"), by Bargain and Sale Deed dated November 29, 2006.

7. James passed away intestate on November 2, 2009. At the time of his passing, James was married to Debtor, and his surviving issue were Crystal Ambrose ("Crystal"), Janelle Ambrose ("Janelle"), Jervon Ambrose ("Jervon") and Tiffany Ambrose ("Tiffany") (collectively "James' Issue"). Debtor was named the administrator of James' Estate and received Letters of Administration and a Certificate of Appointment of Administrator by the Surrogate's Court of the State of New York, County of Nassau, on July 20, 2017.

8. Pursuant to New York's Estate Powers & Trust Law ("EPTL") Section 4-1.1(a), since James died intestate, Debtor is entitled to $50,000.00 plus one-half of the residue of James' Estate, with the balance to his issue by representation.

9. By Order dated March 10, 2021, the Court approved the Stipulation of Settlement executed by the Trustee, Crystal and Janelle (the "Crystal-Janelle Stipulation"), a copy of which is annexed herto as Exhibit "A", whereby Crystal and Janelle both consented to the Trustee's sale, pursuant to 11 U.S.C. §§ 363(b), (f), and (h), of their respective right, title, and interest therein in and to the Real Property, along with that of the Estate and the other co-owners, free and clear of Liens, with such Liens, if any, to attach to the net proceeds of the Sale. Crystal and Janelle also consented to the issuance by the Trustee, upon compliance with 11 U.S.C. § 363, Bankruptcy Rule 6004, and all other applicable laws and rules, of a deed to the Real Property on behalf of Crystal, Janelle, the Estate, and the remaining Issue, as well as

executing any and all documents reasonable or necessary for the implementation of this Stipulation and to effectuate the sale of the Real Property.

10. On February 2, 2021, the Trustee commenced an adversary proceeding in the above-captioned Chapter 7 case, entitled, "Robert L. Pryor, Chapter 7 trustee of the bankruptcy estate of Nedra K. Ambrose, Plaintiff -against- Jervon Ambrose and Tiffany Ambrose, Defendant", Adv. Pro. No. 8-21-08016-las, seeking judgment, *inter alia,* pursuant to 11 U.S.C. § 363(h), (i) authorizing the sale by the Trustee of the Estate's and the Defendants' respective rights, title, and interests in and to the Real Property; (ii) directing Defendants to cooperate with the Trustee in all respects in connection with the sale of the Real Property; (iii) authorizing the Trustee, upon compliance with 11 U.S.C. § 363, Bankruptcy Rule 6004, and all other applicable laws, to issue a deed to the Real Property on behalf of the Defendants; (iv) authorizing the Trustee to distribute proceeds of the sale of the Real Property, after paying all Liens properly existing as against the Estate's and the Issue's respective interests in and to the Real Property, if any, and all expenses of sale, according to the respective interests of the Debtor and the Issue.

11. By Order dated May 20, 2021, a copy of which is annexed hereto as Exhibit "B", the Court approved the Stipulation of Settlement executed by the Trustee, Jervon and Tiffany (the "Jervon-Tiffany Stipulation"), whereby each consented to the Trustee's sale, pursuant to 11 U.S.C. §§ 363(b), (f), and (h), of their respective rights, title, and interests in and to the Real Property, along with that of the Estate and the other Issue, free and clear of Liens, with such Liens, if any, to attach to the net proceeds of the sale. Tiffany and Jervon each consented to the issuance by the Trustee, upon compliance with 11 U.S.C. § 363, Bankruptcy Rule 6004, and all other applicable laws and rules, of a deed to the Real Property on behalf of

Tiffany, Jervon, the Estate, and the remaining Issue, as well as executing any and all documents reasonable or necessary for the implementation of this Stipulation and to effectuate the Sale of the Real Property.

12. By Order dated October 14, 2021, a copy of which is annexed hereto as Exhibit "C", the Court approved the Stipulation between the Trustee and BOA (the "Careveout Stipulation"), which provided, *inter alia*, that: (a) BOA consented to the Sale of the Real Property free and clear of Liens, including the BOA Mortgages, with same to attach to the proceeds of the Sale net of (i) the expenses and commissions of a duly retained broker or other selling agent, (ii) closing costs; and (iii) unpaid real estate taxes and water charges, if any ("Net Proceeds"); (b) BOA shall have an allowed secured claim (the "BOA Secured Claim") in Debtor's case in an amount equal to the amount of the Net Proceeds; and (c) BOA agreed to carveout for the benefit of the Estate the first $40,000.00 (the "Carveout") of the Net Proceeds of the Sale otherwise payable to BOA in consideration of the BOA Secured Claim to be paid to the Trustee on behalf of the Estate and distributed by the Trustee, pursuant to 11 U.S.C. § 726(a) and 724(b), if appropriate, and a Final order of the Court approving the Trustee's Final Report.

13. By Order entered September 7, 2021, this Court authorized the Trustee's retention of BK Global Real Estate Services, LLC ("BKRES") and Agnelli New Jersey Re, LLC ("ANJR") and together with BKRES (the "Brokers") as brokers to sell the Real Property. BKRES, as part of its services to the Trustee, negotiated the Carveout with BOA for the benefit of the Estate, and obtained BOA's consent to sell the Real Property.

14. The Trustee has determined that Purchaser's offer in the amount of $515,000.00 (the "Purchase Price"), not subject to any mortgage contingency or inspection

contingency, is a fair and reasonable offer for the sale of the Real Property. The Trustee has entered into a Residential Contract of Sale, dated November 10, 2021, with Purchaser for a purchase price of $515,000.00 (the "Contract of Sale"). (A true copy of the Contract of Sale is annexed hereto a Exhibit "D".) The Trustee is presently holding in his trustee account for Debtor's Estate the down payment from Purchsaer in the amount of $51,500.00 (the "Down Payment"). Pursuant to the Carveout Stipulation with BOA, an increase in the Purchase Pirce above $515,000.00 will not increase the amount to be received by the Estate. BOA has consented to a Purchase Price of $515,000.00 and has requested that the trustee accept that amount without further marketing of the Real Property and without making Purchaser's offier subject to higher and better offers.

15. The Sale Contract provides that: (a) the Sale is being made "**AS IS**", **"WHERE IS", "WITH ALL FAULTS"**, without any representation, covenants, guantees or warranties of any kind or nature whatsoever, and subject to (a) any state of facts an accurate survey may show; (b) any covenants, restrictions, agreements, dedications, rights, and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) environmental conditions; and (f) subject to any conditions, including occupancy, which may exist at closing.

16. The Sales Contract further provides (a) that the Purchaser shall notify the Trustee's attorneys in writing of any title objections within 10 days after the date of the Contract of Sale(*i.e.,* on or before November 20, 2021); (b) that the Purchaser is obligated to close the Sale on or before the 20th day after an order approving the Sale is entered by the Court and becomes final and non-appealable ("Final"), with time of the essence as against the Purchaser, although such date may be extended solely by the Trustee; (c) that there is no contingency of any

kind or nature that will permit the purchaser to cancel or avoid its obligation under the Sale Contract other than the Trustee's inability to deliver insurable title to the Real Property; and (d) that the Sale is subject to an Order of the Court approving the Sale, and a finding that the Purchaser is a "good faith purchaser" under 11 U.S.C. § 363(m).  Purchaser has not notified Trustee's attorneys of any title objections.

### RELIEF REQUESTED

#### The Sale Order

17. The Trustee seeks entry of the annexed Sale Order which provides that: (a) the Trustee is authorized to sell the Real Property, pursuant to 11 U.S.C. § 363(b), (f) and (h) and to perform the terms of the Contract of Sale; (b) the Trustee is authorized to close the Sale with Purchaser; and (c) in the event the Purchaser fails to to timely close the sale, the Estate shall retain the Down Payment as liquidated damages under the Contract of Sale and the Trustee is authorized to sell the Real Property to any other purchaser without further notice or Court order; (d) the Sale has been proposed and entered into by the Trustee and the Purchaser without collusion, in good faith, and from arm's length bargaining positions, and neither the Trustee nor the Purchaser have engaged in any conduct that would cause or permit the transaction to be avoided under 11 U.S.C. § 363(n), and that if the Purchaser fully performs under the Contract, the Purchaser shall be entitled to the protections of 11 U.S.C. § 363(m) as set forth in the Sale Order; (e) the Trustee is authorized to take actions, execute documents, and expend such funds of the Estate as may be necessary to effectuate the terms and conditions of the Sale Order; and "is authorized to pay, at or after the Closing, from the proceeds of the Sale (i) all liens, if any, prior in right to the BOA Mortgages, (ii) all reasonable and customary closing costs and closing adjustments, including but not limited to any and all real estate taxes assessed against the Real Property for the period prior to the Closing,

recordation fees, title closer pickup fees, *etc*., and (iii) all taxes associated with the Sale, including transfer taxes and any capital gains taxes which may be incurred as a result of the Sale; (f) the Trustee is authorized and directed to hold from the Sale proceeds in his account for Debtor's Estate the amount of $30,900.00 to be retained by the Trustee pending entry of an order of the Court fixing the amount of compensation to be paid to the Brokers being entered and becoming final, and authorizing and directing the Trustee to pay such compensation from the funds held in the Trustee's account for Debtor's Estate in an aggregate amount not to exceed $30,900.00; (g) the Trustee is authorized and directed to disburse from the Sale proceeds, at or after Closing, such amounts as are necessary to satisfy any (i) unpaid real estate tax liens against the Real Property; (ii) any unpaid real estate taxes and water and sewer charges recorded against the Real Property as of the Closing Date; (iii) any Liens against the Real Property prior in right to the BOA mortgages, and (iv) any transfer or ad valorem taxes payable to any taxing authority in connection with the sale of the Real Property; (h) the Trustee is authorized and directed to reitain in the Trustee's account for Debtor's Estate from the Net Proceeds of the Sale the sum of $40,000.00 as the BOA Careveout pending a final order of the Court approving the Trustee's Final Report in Debtor's Case; (i) the Trustee is authorized and directed to request from the Purchaser (or its lender, if applicable) that payment be made directly to or as directed by BOA, of all Net Proceeds in excess of the amount of $70,900.00 which shall be retained in the Trustee's account for Debtor's Estate, subject to entry of a final order of the Court approving the Trustee's Final Report in Debtor's case; and (j) the Trustee's Sale of the Real Property constitutes a "conveyance given pursuant to the federal bankruptcy act" pursuant to New York Tax Law § 1405(b)(8), and accordingly any New York State transfer tax otherwise payable by the Trustee in connection with the sale of the Real Property is waived.

18. Based on the foregoing, the Trustee has determined, in his business judgment, that a Sale of the Real Property pursuant to the Sale Contract, to the Purchaser is in the best interest of the Estate and Debtor's creditors, and would provide the most effective and economical mechanism for maximizing the value of the Real Property for the benefit of the Estate.

19. The Trustee submits that cause exists to approve the proposed Sale Order as being in the best interest of Debtor's Estate and creditors.

### Authority to Sell the Real Property- Section 363(b)

20. 11 U.S.C. § 363(b)(1) authorizes a trustee to use, sell, or lease, other than in ordinary course, property of the estate. Section 363 does not set forth a standard for determining whether a sale of property under Section 363(b)(1) should be approved, however, courts have consistently applied an "articulated business judgment" standard when interpreting this section. *See*, *Stephen Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)("*Lionel*"); *Walter v. Sunwest Bank* (*In re Walter*) 83 B.R. 14, 17 (9th Cir. BAB 1988); *In re Channel One Communications Inc.*, 117 B.R. 493, 496 (Bankr. E.D.Mo. 1990); *In re Ionosphere Clubs*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Oh. 1984).

21. The foregoing, standard for approval of a sale of the Real Property under 11 U.S.C. § 363(b)(1) is easily met because the Chapter 7 trustee has a statutory duty to liquidate assets expeditiously. 11 U.S.C. § 704(a)(1). Furthermore, a sale of the Real Property pursuant to the Contract of Sale is permissible, as Bankruptcy Rule 6004(f)(1) provides in relevant part that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." Chapter 7 trustees often exercise authority to sell a debtor's assets. *See*, *In re Stein*, 281 B.R. 845, 848 (Bankr.

S.D.N.Y. 2002) (discussing the Chapter 7 trustee's right to sell the assets of a debtor under the Bankruptcy Code); and *In re Bakalis*, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (explaining the Chapter 7 trustee's authority to conduct the sale of a debtor's assets).

22. Here the Trustee has a significant business justification for the Sale of the Real Property since the Estate will receive the Carveout in the amount of $40,000 for the benefit of the Estate and the BOA Mortgages will be satisfied, and pursuant to the BOA Stipulation, BOA's general unsecured claim will be reduced from $197,247.02 to the amount of $10,000.00. Therefore, the Trustee, in the exercise of his reasonable business judgment recommends that the Court approve the proposed Sale of the Real Property and enter the proposed Sale Order. As a result of the proposed Sale and the Stipulations with BOA and the co-owners of the Real Property, it is expected that timely filed general unsecured claims will be paid a substantial distribution.

**11 U.S.C. § 363(h) Sale of Debtor's and James' Issue's Interests in the Real Property**

23. The Trustee has already obtained authority, pursuant to 11 U.S.C. § 363(h), to sell both the Estate's and James' Issue's interests in the Real Property.

**The Real Property Should Be Sold Free and Clear of Liens, With Liens to Attach to the Net Proceeds Under 11 U.S.C. § 363(f)**

24. The Trustee proposes to sell the Real Property free and clear of all Liens with such Liens to attatch to the Net Proceeds.

25. Under 11 U.S.C. § 363(f), the Trustee may sell property of the Estate free and clear of any interest in such property of an entity other than the Estate only if, at least one of the following conditions is satisfied:

    1. applicable nonbankruptcy law permits sale of such property free and clear of such interest;

  2.  such entity consents;

  3.  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

  4.  such interest is in bona fide dispute; or

  5.  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

26. Section 363(f) is drafted in the disjunctive. Therefore, satisfaction of any one of its requirements will suffice to allow for the sale of the Real Property "free and clear" of Liens. *See,* 11 U.S.C. § 363(f); *Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1147, n. 24 (6th Cir. 1991) (recognizing that Section 363(f) is written in disjunctive and holding that court may approve sale "free and clear" provided that at least one subsection of section 363(f) is met); *cert, dismissed.* 503 U.S. 978 (1992); *Citicorp Homeowners Servs., Inc. v. Elliot* (*In re Elliot*), 94 B.R. 343, 345 (E.D. Pa. 1988) (same); *Lionel*, *supra*, 111 F.2d at 1070-71 (same).

### *(a) 11 U.S.C. § 363(f)(2)*

27. Pursuant to the Crystal-Janelle Stipulation and the Jervon-Tiffany Stipulation, the James' Issue have all consented to the Trustee's sale of the Real Property. Pursuant to the Carveout Stipulation, BOA has also consented to the Sale free and clear of the BOA Mortgages.

### *(b) 11 U.S.C. § 363(f)(3)*

28. The Contract of Sale is for a Purchase Price of $515,000.00. A sale for $515,000.00 will satisfy the BOA Mortgages as provided in the Carveout Stipulation. Although the Net Proceeds will not be sufficient to pay the BOA Mortgages in full, BOA has consented to the Sale, accepting the Net Proceeds less the Carveout, in full satisfaction of its liens.

29. Courts have held that the proper reading of Section 363(f)(3) "is to be interpreted to mean what it says; *i.e.*, the price must be equal to or greater than the aggregate value of the liens, asserted against it, not their amount." *In re Becker Indus. Corp.,* 63 B.R. 474, 476 (Bankr. S.D.N.Y. 1986), *rev'd on other grounds*, 89 B.R.336 (S.D.N.Y. 1988). *See also*, *In re Buston Generations, LLC*, 440 B.R. 302, 332-333 (Bankr. S.D.N.Y. 2010) (holding that the "value" of a lien is determined by reference to 11 U.S.C. § 506(a) "that is, it is the amount by which the lien holder's claim is actually secured" and the best evidence of the value of the asset are the bids received). Accordingly, the Sale will set the value of the Liens, any portion of the BOA Mortgages in excess of the Net Proceeds will not have value, and the Real Property may be sold free and clear of such Liens. This would permit the Trustee to sell the Real Property free and clear of the unpaid portion, if any, of the BOA Mortgages even if BOA had not already consented to the Sale.

30. By reason of the foregoing, the Sale of the Real Property free and clear of all Subordinate Liens, with such Liens, to attach to the Net Proceeds, is appropriate pursuant to 11 U.S.C. § 363(f)(2) and (3). The alternative to the Sale would be an eventual foreclosure sale by BOA, which would be unlikely to generate any funds for the Estate for distribution by the Trustee to creditors. By contrast, the proposed Sale by the Trustee will generate at least $40,000.00 for the Estate and will result in a significant distribution to general unsecured creditors.

**Waiver of Bankruptcy Rule 6004(h)**

31. Bankruptcy Rule 6004(h) provides: "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Trustee seeks in the proposed Sale Order a waiver of

the 14 day stay so as to permit the Trustee to close the Sale of the Real Property immediately after the Sale Order is entered. As the BOA Mortgages are accruing interest each day, it is in the Estate's interst to close the Sale as soon as possible. Also, the Purchaser has requested to close the Sale as quickly as possible.

33. Accordingly, the Trustee seeks a waiver of the 14 day stay under Bankruptcy Rule 6004(h), so as not to further delay the closing of the Sale of the Real Property.

## SERVICE

33. The Trustee has served the Notice of Motion, this Motion and the exhibits hereto by first class mail, on at least twenty-four (24) days' notice on: (i) Debtor; (ii) Debtor's attorney; (iii) Crystal Ambrose; (iv) Janelle Ambrose; (v) Jervon Ambrose; (vi) Tiffany Ambrose; (vii) counsel for Bank of America; and (viii) the Office of the United States Trustee. Copies of the Notice of Motion, and the proposed Sale Order have been served, by first class mail, on at least twenty-four (24) days' notice on: (i) all other creditors in Debtor's Chapter 7 case; and (ii) all parties filing notices of appearance in Debtor's Chapter 7 case. The Trustee requests that such service be found to be good and sufficient pursuant to Bankruptcy Rule 2002(a)(2).

## NO PRIOR REQUEST

34. No prior request has been made to this or any other Court for the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests: (a) entry of the proposed Sale Order; and (b) such other and further relief as this Court deems just and proper.

Dated: Westbury, New York
     November 19, 2021                    PRYOR & MANDELUP, L.L.P.
                                                 Attorneys for Robert L. Pryor, Trustee

By: *s/ Mark E. Cohen*
Mark E. Cohen
675 Old Country Road
Westbury, New York 11590
(516) 997-0999
mec@pryormandelup.com