UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    Chapter 7

Nedra K. Ambrose
aka Nedra K. Belle,                                       Case No. 8-19-71407-las

        Debtor.
------------------------------------------------------------X

## ORDER AUTHORIZING SALE OF REAL PROPERTY

The Trustee having filed a motion dated November 19, 2021 ("Motion") [Dkt. No. 106] for an order: (a) authorizing the sale (the "Sale") of the Trustee's right, title and interest in the Debtor's real property located at 497 East 94th Street, Brooklyn, NY 11212, Block 4691, Lot 53 (the "Real Property") to 497 East 94th Street LLC (the "Purchaser") for the sum of $515,000.00 (the "Purchase Price"), free and clear of all claims, liens and encumbrances pursuant to Section 363 of Title 11 of the United States Code (the "Bankruptcy Code"), (b) making findings regarding the propriety of the Sale, (c) granting relief related to the Sale, including protection for the Purchaser under Section 363(m) of the Bankruptcy Code, (d) waiving the fourteen day stay of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (e) granting related relief; and the Court having entered three orders authorizing stipulations consenting to the Sale of the Real Property between (i) the Trustee, Crystal Ambrose and Janelle Ambrose [Dkt. No. 94], (ii) the Trustee, Jervon Ambrose and Tiffany Ambrose [Dkt. No. 97], and (iii) the Trustee and Bank of America, N.A. ("BOA") [Dkt. No. 105]; and Notice of Hearing having been served upon all creditors and parties in interest; and no opposition having been interposed; and the Trustee having filed a Certificate of No Objection pursuant to the Court's Procedures during National Emergency (COVID-19) on December 16, 2021 [Dkt. No. 109]; and after due deliberation, and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein and the Trustee is authorized to enter into and perform all obligations under the contract of sale dated November 10, 2021 and annexed to the Motion as Exhibit D (the "Contract of Sale").

2. The Trustee is authorized to sell the Real Property to the Purchaser for the sum of $515,000.00 according to the terms of the Contract of Sale pursuant to Section 363(b) and (f) of the Bankruptcy Code, free and clear of all liens, claims and encumbrances, with all liens, claims and encumbrances to attach to the proceeds of the Sale in the order of their priority.

3. To the extent that any conflict exists between the terms and conditions in the Contract of Sale and the language of this Order, the language of this Order shall control.

4. The Trustee is authorized to request that the Purchaser pay the amount of the net proceeds of the Sale, less the carveout amount of $40,000.00 for the benefit of the Debtor's Estate and the compensation for the Trustee's professionals in the amount of $30,900.00, directly to or as directed by BOA.

5. The Trustee is authorized to take all actions, execute all documents and expend such funds of the Estate necessary to effectuate the Sale of the Real Property, and the payment of New York State transfer tax is waived pursuant to New York Tax Law Section 1405(b)(8).

6. The Trustee is authorized and directed to pay from the Sale proceeds, at or after the closing of title to the Real Property (the "Closing"), the ordinary, reasonable and necessary closing costs and adjustments, including real estate taxes assessed against the Real Property prior to closing, recordation fees and title closer pick-up fees and all taxes

associated with the Sale, including any transfer or ad valorem taxes which may be incurred as a result of the Sale.

7. The Trustee is authorized and directed to withhold the amount of $30,900.00 from the Sale proceeds in his account for the Debtor's Estate pending further order of the Court fixing the amount of compensation to be paid to the real estate brokers retained by the Trustee (the "Brokers"), with any amount remaining after entry of an order fixing final compensation to the Brokers to be disbursed by the Trustee to or as directed by BOA in consideration of BOA's secured claim.

8. The Trustee is authorized to have any liens against the Real Property satisfied by direct payment by the Purchaser directly to or as directed by BOA at closing, and such payment shall be applied as a credit against the Purchase Price.

9. The Contract of Sale was negotiated, proposed and entered into by the Trustee and the Purchaser without collusion, in good faith, and from arm's length bargaining positions, and neither the Purchaser nor the Trustee has engaged in any conduct that would cause or permit the Contract of Sale to be voided under Section 363(n) of the Bankruptcy Code.

10. The Purchaser constitutes a purchaser in good faith for fair value and shall be entitled to the protection of Section 363(m) of the Bankruptcy Code.

11. The Trustee is authorized and directed to disburse from the Sale proceeds at or after Closing such amounts as are necessary to satisfy any unpaid real estate tax liens against the Real Property, any unpaid real estate taxes and water and sewer charges assessed against the Real Property as of the date of the Closing, any liens against the Real Property prior in right to the mortgages held by BOA against the Real Property and

any transfer taxes payable to any taxing authority in connection with the Sale of the Real Property.

12. The Trustee is authorized to request that the Purchaser make payment of any net proceeds in excess of $70,900.00 directly to or as directed by BOA, with the amount of $70,900.00 to be retained in the Trustee's account for the Debtor's Estate subject to further order by this Court pending final applications for compensation of the Trustee's professionals and the Trustee's Final Report.

13. This Court retains jurisdiction to interpret, implement and enforce the provisions of this Order.

14. As provided by Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.



**Dated: December 27, 2021**            **Louis A. Scarcella**
**Central Islip, New York**              **United States Bankruptcy Judge**